A. J. BRANNON, Assignee v. R. W. HARDIE, Sheriff.

*Personal Property Exemption—Trusts and Trustees—Sheriff—Execution.*

Assignment of personal property to a trustee to secure creditors—the assignor reserving a sufficiency to make up his personal property exemption—the allotment to be made, before a final disposition of the trust fund, by freeholders in the manner prescribed by law; *Held,* that the title to the goods, not required to make up the exemption, is in the trustee, and a sheriff has no right to levy upon and sell the same.

CIVIL ACTION tried at Fall Term, 1882, of CUMBERLAND Superior Court, before *Gilmer, J.*

One W. D. Smith, becoming involved in debt and unable to carry on his business, on December 20th, 1878, conveyed his

stock of goods and some other articles to the plaintiff (in trust to secure and pay his creditors) by a deed containing a reservation in these woods: "Saving and reserving, however, unto the party of the first part, and exempting from the operation of this deed enough of said property, goods, wares, and merchandize and evidences of debt, to make for the said party of the first part such personal property exemption as may be allowed, according to the constitution and laws of the state, to be set apart as hereinafter directed."

The deed in a subsequent clause directs the allotment of the exempted articles to be made, before a final disposition of the trust fund, by three disinterested freeholders in the manner prescribed by law.

On the day succeeding the execution of the deed, the defendant, sheriff, having in his hands an execution issued against the assignor, Smith, proceeded to have set apart and valued such articles of personalty as were selected by him in the required amount, and constituting his exemption. The largest portion of the allotment was made up of articles outside of the assignment, and the residue taken from those described in it. The defendant thereupon seized other goods mentioned in the assignment, not exceeding the value of the articles appropriated to the exemption and not embraced in the deed, and sold the same to satisfy the writ.

This action is to recover the value of these goods, and the only question brought up on the appeal is as to the proper construction and operation of the assignment, and whether the title to the goods, thus levied on and sold, vests in the plaintiff.

On the trial of the issues, the defendant asked the court to instruct the jury that goods of the full value of $500 did not pass under the deed to the plaintiff, and that Smith, the debtor, had a reserved interest in the stock, equal in value to the articles appropriated from other of his property in making the exemption, liable to execution.

The court declined to put this construction upon the words of the asssignment, and charged that such goods only were included in the excepting clause as claimed by the debtor to make up his exemption, and the other goods, not so required, passed to the plaintiff.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Messrs. N. W. Ray*, and *G. M. Rose*, for plaintiff.
*Messrs. Hinsdale & Devereux*, for defendant.

SMITH, C. J. After stating the case. We entirely concur in His Honor's interpretation of the instrument, and that its operation was to convey to the plaintiff all the goods enumerated, which were not in fact used nor required in making up the value of the property which the debtor was entitled to retain exempt from execution.

All the described property of the debtor is assigned, subject to such deduction as he could claim if he had executed no assignment and remained the owner. The reservation is only of the right to have exempted such as might be needed in making out the exemption; and when articles are withdrawn from those assigned, all that remain belong to the plaintiff, and the reservation is exhausted. It is too plain to admit of dispute that no interest in the goods is retained by the debtor on which an execution can be levied. All the property mentioned in the deed—that to be allotted as exempt and that not required for such purpose—is beyond the reach of legal process; and the manifest object is to pass to the trustee everything which should not turn out to be exempt. If the debtor had died after his assignment and the right of exemption lost, undoubtedly the trustee would have taken all, and the like result must follow if the exemption is of other goods in whole or in part, as to what are left.

The only case we have found that seems to have a bearing upon the question, from a brief note in Abbott's U. S. Digest,

is contained in a report to which we have not had access, *Thurston* v. *Masteson*, 9 Dana (Ky.), 228, and is to this effect: A conveyance of all the grantor's land in a certain district, reserving 1,000 acres to be taken at the grantor's election in any part of the granted premises; the grantee may hold the whole until the grantor makes his choice and designation of the 1,000 acres.

This case seems to establish the proposition that all the goods are transferred, and the property remains in the assignee, until the reserved part is separated and allotted to the debtor as exempt. But our case is not presented in this aspect, since the separation was effected before the sheriff undertook to make the levy, and when the sole interest in what remained was in the plaintiff.

There is no error, and the judgment must be affirmed.

No error.                                          Affirmed.