JAMES F. NORMAN v. JOHN S. CRAFT.

*Personal Property Exemption—Mortgage.*

Where a mortgagor conveyed his personal property, more than $500 in value, with a clause in the deed reserving his "personal property exemption allowed by law and to be selected by him"; *Held*, that the title to the whole of it passed to the mortgagee and remained in him, until the exempted articles were legally set apart; and the simple act of executing a second mort-

gage conveying a part of said property, is not a selection of such part, nor a separation of the same from the bulk. The second mortgagee in such case holds in subordination to the prior conveyance.

(*Massey* v. *Warren,* 7 Jones, 143; *Brannon* v. *Hardie,* 88 N. C. 243, cited and approved).

CIVIL ACTION, tried on exceptions to the report of a referee, at Spring Term, 1883, of WASHINGTON Superior Court, before *Shepherd, J.*

The court overruled the exceptions to the report of W. D. Pruden, referee, confirmed the report and gave judgment in favor of the defendant, from which the plaintiff appealed.

No counsel for plaintiff.
*Messrs. W. A. Moore* and *James E. Moore,* for defendant.

SMITH, C. J.   On January 2, 1873, Jeremiah Robertson, to secure certain debts due to the plaintiff by notes, executed to him a mortgage deed conveying enumerated articles of personal property, including the mule in dispute, more than five hundred dollars in value, with the following reservation: "Saving and excepting my personal property exemption allowed by law, to be selected out of the above mentioned property by me or any member of my family entitled to such exemption."

On the same day and shortly thereafter the said Robertson made a similar deed to the firm of Hornthal & Bro., to secure his indebtedness to them of the mule and a horse, only without such or any reservation.   The deeds were proved and registered according to the priority of execution.

No claim was ever made by the mortgagor or any member of his family, nor any proceeding instituted, to have set apart and designated the exempted part of the articles enumerated in the first mortgage, and while some part of the debt therein secured has been discharged out of crops made in 1878, a larger amount still remains due.

Early in January of the next year, Robertson removed to an adjoining county, carrying the mule with him, and was pursued and possession recovered, under a claim and delivery proceeding, by Hornthal & Bro., who, under their mortgage, sold and delivered to the defendant. The mortgagor died on the day of the seizure, a few hours later.

The referee, who reports the foregoing facts, finds as his deduction therefrom that the execution of the second mortgage was an election to take and hold the mule as a part of the exempted articles, and the exercise of a reserved right, which enabled him to pass the title thereunder to Hornthal & Bro., and the plaintiff could not recover.

The plaintiff excepted to this conclusion of the referee, but it was not sustained by the court, and judgment being rendered for the defendant, the plaintiff appeals.

The sole question before us is as to the plaintiff's title and the effect upon it of the subsequent mortgage.

We cannot give our assent to the view and ruling of the court. The title to all property mentioned in the prior mortgage passed to the plaintiff and there remained, until in some legal way the exempted articles were separated, set apart and valued at the instance of the debtor. There is no specific article included in the reserving clause, but the exemption is of parts of the whole to be selected therefrom of an aggregate limited value, and to be ascertained in some mode thereafter. The mode of procedure by which this is to be done is pointed out in section 511 of THE CODE, and is intended to be prompt and summary in its execution.

Until this separation and valuation are made, the title to each and every article enumerated in the deed, in undistinguished bulk, is vested in the mortgagee, and he alone can sue for the conversion of any part.

The selection is not effected by the simple act of executing a subsequent mortgage with or without a similar qualifying clause, and the second mortgagee holds in subordination to the prior conveyance. Robertson could have had his exemption laid

off after executing both deeds, and had a right to select the arti-
cles which were to constitute it, omitting or including the mule
in the list. If he had excluded the mule, the parties would have
stood towards each other in the simple relation of prior and pos-
terior mortgagees as to their part of the property. If the mule
had been embraced in the selection, the result would have been
a divesting of the plaintiff's right for the benefit of the second
mortgagee, against whom no exemption could operate; and the
present action could not have been maintained.

This conclusion is sustained by an adjudication in this court,
to which our attention was not called in the argument, so essen-
tially like the present case in this feature, that we reproduce
parts of the opinion in place of comments of our own.

In *Massey* v. *Warren*, 7 Jones, 143, the insolvent debtor had
conveyed to the plaintiff by deed executed in September, 1855,
when the exemptions contained in the Revised Code, ch. 45, §§7
and 8, were in force, various articles mentioned in detail, adding
to the enumeration the qualifying words, "*excepting only such
part as the law allows poor debtors.*" These goods were seized
and sold under executions, by the defendant's direction, which
were issued on judgments rendered after the making and regis-
tration of the deed, and this suit was to recover damages for the
conversion.

The defence was that part of the property was exempted from
the deed, as being that which the grantor was entitled to hold by
virtue of section eight aforesaid.

The ninth section provides a method for ascertaining and set-
ting apart the exemptions which the debtor may have under the
preceding section, as does section 511 of THE CODE in ascertain-
ing and determining the personal exemptions allowed under the
present law.

MANLY, J., delivering the opinion, uses this language: "We
concur with the court below in the opinion that the whole of the
debtor's property passed under the deed of September 7th, 1855,
except the articles enumerated in 7th section of the Revised Code,

ch. 45. Articles which may be allowed under the 8th section, until they are set apart according to the provisions of the 9th, are in every respect undistinguishable from the rest of the debtor's property."

Again he proceeds: "Other articles than the excepted ones of the 7th section are only conditionally exempt, and do not belong to the charity list until certain legal proceedings are had by which the property is impressed with a new character—a character which it does not intrinsically possess."

In accordance with this reasoning, and in regard to a reservation not dissimilar, after referring to a case in Kentucky, we recently said : "This case seems to establish the proposition that all the goods are transferred and *the property remains in the assignee, until the reserved part is separated and allotted* to the debtor, as exempt." *Brannon* v. *Hardie*, 88 N. C., 243.

We are therefore of opinion that the property in the mule was in the plaintiff and he is entitled to recover.

The referee finds the value of the mule to be $75, but does not ascertain the damages beyond that sum. If the plaintiff so elect, he may have judgment for that sum in this court; otherwise the cause must be remanded in order to an inquiry into the damages.

There is error, and the judgment is reversed, and unless the plaintiff is content to have judgment as above, the cause must be remanded.

Error.           Reversed.