LOWENBERG et al. v. JEFFERIES et al.

(Circuit Court, D. Montana. May 8, 1896.)

No. 265.

1. SHERIFFS—RELEASE OF ATTACHED PROPERTY—APPOINTMENT OF RECEIVER.
 When a sheriff holds, under attachment, property seized as that of the attachment debtor, and the court in which the attachment suits are pending appoints a receiver, in a suit commenced to determine conflicting rights in the property, and directs such property to be turned over to him, such taking of the property from the sheriff's possession is a proper defense, in an action against him, by the plaintiff in one of the attachment suits, for an unauthorized release of the attached property.

2. SAME—ACTION FOR UNAUTHORIZED RELEASE—MITIGATION OF DAMAGES.
 An action against a sheriff for an unauthorized release of attached property is in tort, and the defendant has a right to set up, in mitigation of damages, the facts that the plaintiff's attachment was subsequent to many others, and that judgments have been rendered, in the other actions, more than sufficient to exhaust the attached property.

A. K. Barbour and J. A. Carter, for plaintiffs.
McConnell, Clayberg & Gunn, for defendants.

KNOWLES, District Judge. The above-named plaintiffs brought their actions against the above-named defendants to recover of

them the sum of $12,181.13, with 10 per cent. interest and cost of suit.    It is set forth in the complaint that plaintiffs commenced an action in the district court in and for Lewis and Clarke county, Mont., to recover said sum, against Isaac Greenhood and Ferdinand Bohm, as co-partners; that in this action they caused an attachment to issue against the property of Greenhood, Bohm & Co. for said sum, and to be delivered to the defendant Charles M. Jefferies, as sheriff of the above county; that under this writ the said Charles M. Jefferies, as sheriff, levied upon and took into his possession a large amount of the goods, wares, and merchandise of the said Greenhood & Bohm within the above county not exempt from execution; that the said property was worth the sum of $50,-000.    Subsequently, it appears, plaintiffs obtained judgment against said Greenhood, Bohm & Co. for said sum of $12,181.13. Upon this judgment execution was issued and delivered to said Jefferies, as sheriff, and at the time said sheriff had said property in his possession.    It is also alleged that, on the 7th day of July, 1892, said execution was by said Jefferies, as sheriff, returned "Nulla bona."    In said return it was recited that said execution was received by him on the 11th day of April, 1892, and that, after due and diligent search, he was unable to find any property of the said Greenhood, Bohm & Co. with which to satisfy said judgment. It is further alleged that said Jefferies, without the consent of plaintiffs, after said attachment, released the same, without taking any bond or security; that the said judgment is unpaid.    Plaintiffs therefore ask judgment against defendants in the sum of $12,-181.13, and for $50 as costs of suit, and interest.

To this complaint said Jefferies made answer, and, after some denials therein of matters set forth in the complaint, set up certain facts as new matter constituting a defense.    The principal matters set forth are that the Merchants' National Bank of Helena commenced an action, previous to the action of plaintiffs against said Greenhood, Bohm & Co., to recover the sum of $35,945.48 and caused the property of said firm to be attached therein, and subsequently procured judgment against them for that sum; that upon this judgment execution was issued, and thereon the said Jefferies returned, "No property to be found in my county to satisfy the foregoing execution, except the property attached herein, and embraced in an alleged assignment of Greenhood, Bohm & Co. to Max Kahn, on the 12th day of February, 1892, and except the garnishments, and I herewith return the said execution unsatisfied." Whereupon the said Merchants' National Bank filed a creditors' bill, for itself and any other judgment creditor of the said Greenhood, Bohm & Co. who might claim the benefit of the action, with the view of setting aside said assignment to Max Kahn as a fraud upon creditors.    In this suit, on the motion of the said bank, a receiver was appointed to take charge of said property so attached and named in the above execution return.    The answer also shows that there were attachments on said property, prior to that of plaintiffs, amounting to some $90,000; that it was the same property named in the return to all the attachments, and that the

attachment of plaintiffs was levied subject to the prior rights of the prior attaching creditors; that, in said suits, judgments in the sum of $75,000 have been entered.

To this answer plaintiffs filed their demurrer. The first ground of demurrer is that that part of the answer commencing on line 10 of the third page of said answer, and extending to and ending with paragraph 13, does not state facts sufficient to constitute a cause of defense, and that that part of said answer setting forth the prior attachments and judgments is irrelevant, and, if any defense, an equitable one.

The questions raised in these pleadings and demurrer are (1) as to whether the appointment of a receiver by the court is any defense to the matters set forth in the complaint, and (2) as to whether the facts set forth as to the attachments previous to that of plaintiffs, and judgments obtained thereon to the amount of $75,000, are irrelevant, or, if relevant, matters constituting an equitable defense only.

It is probably true that the general rule is that, when a sheriff attaches the property of a defendant in an action at law, he acquires a special interest therein, and his possession thereof cannot be divested by a receiver, subsequently appointed, in another action, to which the said sheriff was a party, and in which appointment the receiver is commanded to take possession of all of the property of the attachment debtor. Davis v. Gray, 16 Wall. 203–218; Parker v. Browning, 35 Am. Dec. 717. Where the sheriff is an officer of the same court that appointed the receiver, and the action in which he attached the property in his possession is pending in that court, this general rule may be varied, and the court may have the power to direct the sheriff to deliver the attached property to the receiver. At times, it is said, attached property is in the custody of the law. In the federal courts it has been held that the possession of the attaching officer is that of the court. Freeman v. Howe, 24 How. 450; Krippendorf v. Hyde, 110 U. S. 280, 4 Sup. Ct. 27.

In the case of Griffin v. Thompson, 2 How. 244, the supreme court said:

"There is inherent in every court a power to supervise the conduct of its officers, and the execution of its judgments and process."

In the case of Naumburg v. Hyatt, 24 Fed. 898, 902, Judge Dick said:

"But, independent of the provisions of the above-named statute, I am of the opinion that there is an inherent power in a court of law, as well as a court of equity, over its own process, and in the disposition of property in the custody of the law so as to prevent serious injury to the parties interested in such property, and to afford just and adequate relief." ·

If a court has the power inherently to make such disposition of property as would seem to it proper when the same is in the custody of the court, or, as it is termed, in the custody of the law, then it may order the same to be turned over to a receiver, although such action may have been irregular and ill advised. Having the jurisdiction to act in this matter, its action cannot be attacked collaterally, and its judgment or determination or order may be a

justification to the officer affected thereby. In the case of Naumburg v. Hyatt, supra, a receiver was appointed under circumstances very similar to the one at bar, and it was held the court had power to make this appointment. It may be that the authority to make the appointment in that case was referred to a statute of the state. If so, there is a similar statute in the Montana Code of Civil Procedure. It should be observed that it appears, in this case, there was a contest as to the right to the possession of this property between Max Kahn, the assignee of Greenhood, Bohm & Co., and the sheriff; that the application for a receiver was made by the attaching creditors, who had the first lien upon the attached property; and that said property was taken into possession of the sheriff first by virtue of their attachments. If it is contended that the parties plaintiff or any of the attaching creditors of Greenhood, Bohm & Co., lost any rights on account of surrendering this property to a receiver under the order of court, I think the contention cannot be maintained. The attaching creditors obtained a lien upon the property attached in the order in which the attaching writs were delivered to the sheriff and levied thereon. The receiver took possession of the attached property subject to these liens, and the court could be called upon to direct that the proceeds derived from the sale of the attached property should be paid out to the attaching creditors in the order of their liens. Naumburg v. Hyatt, supra; Becker v. Torrance, 31 N. Y. 631; High, Rec. § 440. For these reasons I think it was a proper defense in this suit to show that the property was taken from the possession of the sheriff by the order of the court in which the attachment suits were pending, and turned over by an order of the same court to a receiver appointed by it. The first ground of demurrer, therefore, is not well taken.

In considering the second ground of demurrer, it is apparent, from the nature of the action, that it is an action for damages for a release of attached property by the defendant sheriff without authority. It is contended on the part of plaintiffs that the action is one in contract. This position cannot be maintained. The very nature of the action and the allegations of the complaint preclude this position. The defendants had the right, therefore, to set forth the fact that the levy of the attachment in plaintiffs' case was made subject to many other attachments, stating the amount of claims sought to be collected thereby. Especially is this so when it appears that the property attached was delivered to a receiver, who held the same subject to the liens created by the subsequent attachments. The only amount that can be recovered from the defendant sheriff is the amount plaintiffs were damaged by his action. In order to show what this damage was, defendant sheriff has the right to have it appear what were the facts in the case. The second ground of demurrer cannot, therefore, be sustained.

The demurrer is, therefore, overruled.