E. D. LATTA et al v. JAMES A. BELL, Trustee of Farintosh and Amer.

(Decided May 3, 1898.)

*Personal   Property   Exemptions — Assignment — Non-resident.*

Where a resident of this State executed a deed of trust in which he re-
served his personal property exemption and before it was allotted
assigned it to A and became a non-resident; *Held,* that neither A
nor attaching creditors are entitled to the benefit of the exemp-
tion but the title to the whole vested in the trustee.

CIVIL ACTION tried before *Hoke, J.,* and a jury at
October Term, 1897, of Mecklenburg Superior Court.
The facts are stated in the opinion.    From a judgment
declaring that the title to the property in controversy
was vested in the defendant Bell, trustee, both Edith J.
Amer and the attaching creditors of Farintosh & Amer
appealed.

*Messrs. Jones & Tillett* and *Clarkson & Duls* for
Edith Amer (appellant).
*Messrs. Burwell, Walker & Cansler* for Bell, Trustee.

MONTGOMERY, J.:    Alfred Amer, at the time of the
execution of the deed of trust to Bell by himself and his
partner Farintosh, on September 26, 1895, was a resi-
dent of the State of North Carolina, as he was likewise
on the 27th of September, 1895, when he assigned and
conveyed to Edith J. Amer the personal property
exemptions which he had reserved in the deed made by
him and Farintosh to Bell.    After Bell took possession
of the property conveyed to him in the deed of trust,
and after Amer, the debtor, had become a non-resident
of the State, under an execution in favor of one Evans

issued upon a judgment obtained after the execution of the deed of trust, the officer in charge laid off and allotted the debtor Amer's exemptions in the property, in the hands of Bell, the trustee, to Edith Amer, but without taking them out of Bell's possession. Bell claims them under the assignment to him by Farintosh and Amer on the ground that the personal property exemption, reserved by Amer in the deed to him, was personal to the debtor; that having left the State and become a non-resident without having had the exemptions allotted to him, he was not entitled to the benefit of the same; and that the title to the whole of the property mentioned in the deed of trust passed to him as trustee.

All these facts were admitted on the trial, and his Honor instructed the jury that in no aspect of the case was Edith I. Amer, the appellant, entitled to the property in controversy, and directed the jury to answer the 7th issue ("Is Edith Amer entitled to the property in controversy under and by virtue of her assignment from Alfred Amer, of date September 27, 1895?") "No".

There was no error in this instruction. *Norman* v. *Craft*, 90 N. C., 211; *Bruno* v. *Hardie*, 88 N. C., 243. The assignability of articles of personal property allotted to a debtor as his personal property exemption is not in question here. There is no error and the judgment is affirmed.

Affirmed.

### APPEAL OF ATTACHING CREDITORS IN SAME CASE.

*Mr. H. W. Harris* for appellant.
*Messrs. Burwell, Walker & Cansler* for appellee.

MONTGOMERY, J.: For the reasons set out in the appeal of Edith Amer, the attaching creditors were not

LATTA *v.* BELL.

entitled to the proceeds of the goods in the hands of Bell, trustee. His Honor's instructions to that effect were proper and the judgment is affirmed.

Affirmed.